UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BUNGE USA GRAIN, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No.  3:25-cv-00917-ALT |
| | ) |
| KINGSBURY ELEVATOR, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 7, 2025, Plaintiff filed this action in federal court alleging diversity of citizenship under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiff's allegations in the complaint about its citizenship are inadequate to establish diversity jurisdiction. The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Plaintiff alleges it "is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska. Bunge is indirectly wholly owned by Bunge USA, Inc., a Delaware Corporation with its principal place of business in Omaha, Nebraska." (ECF 1 at ¶ 1). But the Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). Further, for any member who is an unincorporated association such as an LLC or partnership, Plaintiff must trace such member's

2

citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with any Defendant. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

"Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, Plaintiff has not yet done so. Consequently, Plaintiff is AFFORDED to and including December 15, 2025, to file a supplemental jurisdiction statement that adequately alleges the parties' citizenships.

SO ORDERED.

Entered this 8th day of December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge