**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **BUNGE USA GRAIN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 3:25-cv-00917-ALT** |
| | ) | |
| **KINGSBURY ELEVATOR, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On January 12, 2026, Defendants filed a motion to compel arbitration and a supporting memorandum. (ECF 19, 20). On February 9, 2026, Plaintiff filed a response. (ECF 25). On March 2, 2026, Defendants filed their reply. (ECF 28). The motion is now ripe for ruling. For the following reasons, the motion to compel (ECF 19) is GRANTED in part and DENIED in part, and the case is STAYED pending arbitration.

### I.     Facts and Background

Defendant Kingsbury Elevator, Inc. ("Kingsbury"), is a grain elevator and feed ingredient distribution business. (ECF 20 at 2). Additional Defendants Edgar Lindborg, Peter Lindborg, and Paul Lindborg are alleged to be officers of Kingsbury, each with authority to transact business and enter into contracts on its behalf. (ECF 1 ¶ 14). Kingsbury had been purchasing feed ingredients, including free-flowing and pelletized canola meal, from Plaintiff Bunge USA Grain, LLC ("Bunge"), and its predecessors in interest. (*Id.* ¶ 9; ECF 20 at 2-3). However, the relationship recently deteriorated leading to this lawsuit.

Each sale was made pursuant to a set of standardized terms and conditions (the "Terms and Conditions"). (ECF 1 ¶ 20; ECF 1-2; ECF 20 at 2-3). Among these Terms and Conditions, is an arbitration clause which says,

> Whether or not an active member of any of the Associations referenced in Paragraph 1, Buyer acknowledges that it understands the provisions of the applicable Association's rules, regulations, and standards and Buyer agrees to be bound thereby. The Parties agree to settle any controversies hereunder by arbitration, that the arbitration rules of the applicable Association referenced in Paragraph 1 hereof shall be the basis of said arbitration or if the applicable Association does not have arbitration rules, then according to the rules of the American Arbitration Association, and that the decision and award determined by Such arbitration shall be final and binding upon the Parties.

(ECF 1-2 ¶ 3). The arbitration clause references paragraph 1 which reads:

> Whether or not Buyer is an active member of any of the following associations, and to the extent not inconsistent with the terms and conditions of this Contract, the rules, regulations, and standards of the following associations (the "Associations"), shall apply respectively to each of the commodities governed thereby: The National Grain and Feed Association, The American Fats and Oils Association, The National Oilseed Processors Association, The American Dehydrators Association, The Canadian Oilseed Processors Association, and The National Cottonseed Products Association. If more than one Association purports to govern a given commodity, the rules and regulations of the Association appearing later in the list shall apply.

(*Id.* ¶ 1).

Following the filing of the complaint by Bunge (ECF 1), Defendants filed a motion to compel arbitration referencing the above arbitration clause (ECF 19). Defendants argue (1) Indiana law controls the interpretation and enforcement of the arbitration clause, (2) there is an enforceable agreement to arbitrate between Kingsbury and Bunge and the arbitration rules of the Canadian Oilseed Processors Association ("COPA") should govern, (3) the arbitration clause governs all claims against Kingsbury, (4) Bunge must arbitrate its claims against Edgar, Peter, and Paul Lindborg, and (5) the Court should dismiss this case. (ECF 20 at 7-8, 10, 12, 16).

In response, Bunge "does not dispute that arbitration is appropriate in this matter." (ECF 25 at 3). It instead states, "the issue is under what arbitration rules and where such an arbitration should take place." (*Id. (emphasis omitted)*). Bunge argues (1) any arbitration should take place in this judicial district or at minimum in the United States, (2) the American Arbitration Association ("AAA") rules should apply to the arbitration, and not COPA's rules, (3) and this case should be stayed pending any arbitration. (*Id.* at 4, 6, 8).

In reply Defendants agree that any arbitration should take place in this judicial district but contend that COPA's rules should apply to arbitration. (ECF 28 at 3-4). They also ask that the Court award them their costs, including any attorney's fees, incurred in litigating this motion. (*Id.* at 7).

## II.     Legal Standard

The Federal Arbitration Act ("FAA") is a "declaration of a liberal federal policy favoring arbitration agreements . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). The FAA provides that a written agreement to arbitrate in "a contract evidencing a transaction involving commerce … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2.

Pursuant to the FAA, courts "must grant a motion to compel arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the agreement to arbitrate, and (3) a refusal to arbitrate." *Walton v. Uprova Credit LLC*, 722 F. Supp. 3d 824, 830 (S.D. Ind. 2024) (citation omitted); *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. When such circumstances exist, the FAA states, "the court shall make an order directing the parties to

proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The "hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." *Id.*

### III.    Analysis

As a threshold issue, the parties agree there is an enforceable agreement to arbitrate between Bunge and all Defendants. (*See* ECF 25 (Bunge's response brief requesting the Court order arbitration)). Secondly, the parties agree arbitration should take place within this judicial district. (ECF 25 at 4; ECF 28 at 3); *see* 9 U.S.C. § 4. Because the parties agreed to arbitrate in the Terms and Conditions, and the parties agree this is an enforceable agreement to arbitrate between Bunge and Defendants, this aspect of the motion to compel arbitration is unopposed and will be granted.

However, there are two issues[1] where disagreement remains between the parties. First, the parties disagree on whether COPA or AAA arbitration rules should govern the arbitration. (ECF 25 at 6; ECF 28 at 2-3). Second, the parties disagree on whether the case should be stayed or dismissed pending arbitration. (ECF 25 at 8; ECF 28 at 7).

### A.    This Court shall not decide issues of arbitration procedure.

"[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002). However, procedural questions beyond this gateway are not for this

---

[1] Defendants making a passing request in their reply brief that the Court award them their costs, including any attorney's fees, incurred in litigating this motion. (ECF 28 at 7). Defendants cite no legal authority, nor do they advance legal arguments in support of this position. Accordingly, the request for attorney's fees and costs will be denied without prejudice. Defendants may raise the issue in the future citing legal authority.

Court to decide. *See id.* at 84-85. Where the "relevant question [ ] is what *kind of arbitration proceeding* the parties agreed to," the question concerns contract interpretation and arbitration procedures and should be answered in arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Arbitrators are well suited to answer this question, and it is for them, not the Court, to decide. *Id.*

In this case, the parties have agreed to arbitration and the remaining question is: did the parties agree to an arbitration governed by the COPA or AAA rules? This is a question beyond the gateway dispute of whether the parties are bound by the arbitration clause. Instead, this question implicates *the kind of arbitration*, and not whether arbitration should occur at all, and is reserved for arbitration. This is practice of the courts. For instance, in *Duran v. J. Hass Grp., L.L.C.,* Duran had agreed that her contract compelled her to pursue arbitration, but the question of the validity of a forum selection clause remained. 531 F. App'x 146, 147 (2d Cir. 2013). The court found the interpretation and determination of validity of the forum selection clause were issues of contractual interpretation and thus a procedural issue presumptively for the arbitrator to decide. *Id.*; *see also Dockser v. Schwartzberg,* 433 F.3d 421 (4th Cir. 2006) (district court should not intervene in matter of arbitration procedure, such as the number of arbitrators who should hear the dispute); *Bell Atlantic v. Commc'ns Workers of Am., AFL-CIO, Local 13000,* 164 F.3d 197 (3rd Cir.1999) (dispute over whether expedited or regular arbitration procedures were applicable should be resolved by the arbitrator).

Similarly in the case at hand, the parties agreed "to settle any controversies hereunder by arbitration," (ECF 1-2 ¶ 3), and to move forward with arbitration. The remaining issue of what arbitration procedures or rules apply requires interpreting the Terms and Conditions and then selecting rules based off that interpretation. Just as the interpretation of a forum selection clause

to determine the forum of an arbitration is procedural, the interpretation of the Terms and Conditions to determine the rules is procedural and must be left to the arbitrator.

### B. *This case shall be stayed pending arbitration.*

This case shall be stayed pending arbitration given Bunge has requested a stay rather than dismissal. In a recent opinion, the Supreme Court interpreted section 3 of the FAA to find that that "[w]hen a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (footnote omitted); *see also Nat'l Cas. Co. v. Cont'l Ins. Co.*, 121 F.4th 1151, 1153 (7th Cir. 2024) (recognizing the Supreme Court's opinion).

Given Bunge has explicitly requested a stay rather than dismissal in its response brief (ECF 25 at 8), this Court is obligated to stay this case pending arbitration, rather than to dismiss. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005).

### IV.   Conclusion

Accordingly, the motion to compel (ECF 19) is GRANTED in part and DENIED in part. The parties have agreed to proceed to arbitration. This aspect of the motion is unopposed and GRANTED. The question of what arbitration rules apply is left for arbitration. Arbitration shall take place in this judicial district and shall cover all claims against all Defendants, as these issues are unopposed by the parties. This case is STAYED pending arbitration. The parties are

ORDERED to file a joint status report on the earlier of: (1) fourteen days following the

conclusion of the underlying arbitration; or (2) May 8, 2026. Defendants' passing request for

attorney's fees and costs is DENIED without prejudice.

SO ORDERED.

Entered this 6th day of March 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge